UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA ESTRADA,

      Plaintiff,

v.                                                    CASE NO.: 8:05-CV-376-T-MAP

JO ANNE BARNHART, Commissioner
Of Social Security,

      Defendant.
_____/

## ORDER

      Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for period of disability, disability benefits and Supplemental Security Income ("SSI"). The Plaintiff argues the Administrative Law Judge ("ALJ") erred at step five of the sequential analysis by improperly relying on the vocational expert's ("VE") testimony and failed to consider her impairments in combination. After considering the record, I find the ALJ's failure to question the VE about the apparent conflict between the jobs he opined Plaintiff could perform and the reasoning level required for the jobs by the Dictionary of Occupational Titles ("DOT") contravened Social Security Ruling ("SSR") 00-4p. Accordingly, the ALJ's decision is reversed and the case is remanded for further administrative proceedings consistent with this order.[1]

---

[1] The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c). *See* doc. 12.

*A. Background*

The Plaintiff, who was forty-three at the time of the administrative hearing, finished high school and two years of college. She completed a course in bond trading, and her past relevant work includes training coordinator, legal assistant, coordinator of expo events, and bond researcher (R. 70). She claims disability commencing December 14, 1998, due to neck pain and pain and weakness in her right arm, leg, side and low back (R. 69).[2] After Plaintiff's applications for benefits were denied at the administrative level, the ALJ held a hearing and opined she was not disabled (R. 327-338). The Plaintiff requested review by the Appeals Council, and the Appeals Council remanded to the ALJ for further consideration (R. 344-346). After conducting a second hearing, the ALJ again denied benefits, finding Plaintiff capable of performing a limited range of sedentary work (R. 12-26). The Appeals Council denied Plaintiff's request for review. Hence, she has exhausted her administrative remedies and her case is ripe for review.

*B. Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

---

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this order (R.13-19).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the

reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

   *C. Discussion*

   *1. Questioning the vocational expert*

Plaintiff asserts the ALJ erred by relying on the VE's inaccurate assessment of the jobs she can perform.  Specifically, she argues that the VE's statement that she is capable of work as a surveillance system monitor or charge account clerk conflicts with the DOT's classification of these jobs as reasoning level three, given her inability to perform work requiring greater than simple interactions and tasks.  She contends the ALJ should have questioned the VE about the discrepancy and resolved the conflict before relying on the VE.  I agree.

The DOT, a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy, specifies the general educational requirements (GED) including the level of reasoning skills required for each job.[3]  A job rated reasoning level one requires the ability to understand and carry out simple

---

[3] Defendant insinuates Plaintiff erred in finding the DOT's reasoning level classifications relevant to her limitation to simple tasks.  At the administrative hearing, the VE instead had referred to the DOT's specific vocational preparation ("SVP") time involved for the jobs rather than the jobs' reasoning levels.  The DOT's explanation of SVP suggests that SVP relates to the vocational preparation required to perform a job and does not address whether a job entails simple tasks, while the general educational requirements (GED), particularly the GED reasoning level, pertains to the complexity of a job. *See Mead v. Barnhart*, 2004 WL 2580744 (GED requirements in the DOT listing are more pertinent to determining complexity of a job and GED reasoning level of two or higher assumes that the claimant is capable of more than simple or repetitive tasks);  *Cooper v. Barnhart*, 2004 WL 2381515 (N.D. Okl. 2004) (limitation to simple tasks relevant to a job's GED reasoning level, not the SVP which focuses on vocational preparedness); *Hall-Grover v. Barnhart,* 2004 WL 1529283 (D. Me. 2004) (SVP ratings address issue of level of vocational preparation necessary to perform job while issue of job's simplicity

instructions, whereas a job rated reasoning level two requires the ability to understand and carry out detailed instructions.  Reasoning level three defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." DOT, Vol. II at 1011, vol. 1 at 281.

Social Security Ruling 00-4p squarely addresses the situation where the VE's testimony conflicts with the DOT and how the ALJ should handle it.  The ruling requires the ALJ to ask the VE whether any possible conflict exists between his testimony and the DOT, and if the testimony appears to conflict with the DOT to "elicit a reasonable explanation for the apparent conflict." The ruling requires the explanation be made on the record and the ALJ to explain in his decision how the conflict was resolved.  In this case, the Appeals Council, citing to SSR 00-4p, specifically instructed the ALJ to "identify and resolve" such conflicts on remand (R. 346).[4]

---

addressed by GED ratings).  This issue should be addressed by the ALJ and the vocational expert on remand.

[4] The ruling states in pertinent part:
> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p (December 4, 2000).

The Eleventh Circuit has not yet interpreted or applied SSR 00-4p. Other courts following SSR 00-4p, however, require the ALJ to elicit an explanation for an apparent conflict from the VE before relying on the VE's evidence and remand to the ALJ if such an inquiry is not made.[5] In particular, many courts remand for further administrative proceedings where the ALJ fails to inquire to the VE about testimony that a claimant limited to simple tasks is capable of performing jobs that are incompatible with the DOT's reasoning level classifications. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (remanding to ALJ pursuant to SSR 00-4p when apparent conflict between VE's assessment that claimant limited to simple and repetitive tasks could perform certain jobs that DOT classified as reasoning level three); *Whitzell v. Barnhart*, 379 F.Supp 2d 204, 219 (D. Mass. 2005) (remanding in accordance with SSR 00-4p where apparent conflict between limitation of "simple tasks" and jobs with reasoning level of two); *Carter v. Barnhart*, 2005 WL 3263936 (D. Me. 2005) (remanding because ALJ's limitation to simple repetitive tasks and DOT's assigned reasoning level of three required ALJ to question the VE about the discrepancy); *Mead*, *supra* at n.3 (citing to SSR 00-4p as requiring ALJ to ask VE whether his opinion conflicted with DOT descriptions of jobs suggested even though claimant's counsel did not raise issue in administrative proceeding); *Cooper, supra* at n.3 (finding ALJ has

---

[5] In *Jones v. Apfel,* 190 F.3d 1224 (11th Cir. 1999), the Eleventh Circuit held that a vocational expert's testimony "trumps" the job information outlined in the DOT. That decision, which preceded SSR 00-4p, concerned a situation where the jobs identified by the VE did not exceed the plaintiff's residual functional capacity, even under the DOT's definitions. SSR 00-4p specifically states that "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." I do not find *Jones* applicable here. Besides, Social Security Rulings, which the administration issues to clarify regulations and policy, are binding upon all components of the Social Security Administration. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990).

an affirmative duty to inquire whether VE's testimony presents any conflicts with DOT and remanding to ALJ because VE's testimony that claimant who was limited to simple and repetitive tasks could perform work requiring reasoning level two or three possibly conflicted with DOT). *See also Money v. Barnhart*, 91 Fed.Appx. 210 (3rd Cir. 2004) (decided before SSR 00-4p but finding work at reasoning level two does not contradict mandate for simple, routine, repetitive work).

Here, the ALJ limited Plaintiff to lifting and carrying ten pounds occasionally with a sit/stand option and simple interactions and tasks (R. 19), and the VE testified she could work as a surveillance system monitor or charge account clerk.(R. 437-38). The VE described these jobs as unskilled entry level jobs requiring a specific vocational preparation (SVP) level of two, meaning training time of thirty minutes to a few hours with simple instructions (R. 438). Plaintiff notes the DOT classification of these jobs as reasoning level three exceeds her limitation to simple interactions and tasks, and asserts an apparent conflict exists between the VE's testimony and the DOT invoking SSR 00-4p. Because the ALJ failed to question the VE about the inconsistency before relying on the VE's testimony, I find he erred. Following SSR 00-4p and the above-cited cases, remand to the ALJ is appropriate to address this apparent unresolved conflict between the jobs identified by the VE and the DOT's classification of these jobs.

*2. Impairments in combination*

Plaintiff also contends the ALJ failed to consider her myofascial pain syndrome and fibromyalgia in combination. Although he found Plaintiff's fibromyalgia was not a severe impairment, the ALJ properly considered the impairment and its effects through the sequential evaluation. The ALJ considered the combined effect of all of Plaintiff's impairments, both severe

and non-severe, including the myofascial pain syndrome (R. 13-21). Accordingly, I find the ALJ properly considered the Plaintiff's impairments and their effects as well as her impairments in combination and substantial evidence supports his decision in this regard.

 *D. Conclusion*

 For the reasons stated, it is hereby

 ORDERED:

 1. This case is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

 2. The Clerk is directed to enter judgment for the Plaintiff.

 DONE AND ORDERED at Tampa, Florida on February 24, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE